IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

NORTH CENTRAL STATES REGIONAL
COUNCIL OF CARPENTERS PENSION
FUND and JERRY SHEA,

                Plaintiffs,                OPINION AND ORDER

v.

                                          21-cv-806-wmc

ALLEN MAX CONSTRUCTION, LLC

                Defendant.

---

Plaintiffs North Central States Regional Council of Carpenters Pension Fund and its trustee, Jerry Shea, bring this Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132, action against an employer defendant, Allen Max Construction, LLC, based on its alleged failure to pay contributions to union funds as required under the parties' collective bargaining and trust agreements.

After encountering difficulty serving defendant, plaintiffs sought leave for substitute service (dkt. #5), which the court granted (dkt. #8). Defendant was then served successfully by means of substitute service. (Ho Decl., Exs. 1, 2 (dkt. ##12-1, 12-2).) After defendant failed to answer or otherwise appear, the clerk entered default against it on April 11, 2022. (Dkt. #14.) A hearing was then scheduled on plaintiffs' motion for default judgment on May 4, 2022, at which defendant failed to appear.[1]

---

[1] Plaintiff was directed to mail the motion for default judgment and all supporting materials to defendant, and the clerk's office mailed both the entry of default and order setting the default judgment hearing in care of Thomas Belanger, the registered agent of Allen Max.

1

As is typical for these cases, plaintiffs request entry of default judgment consisting of unpaid contributions, liquidated damages, and interest. Plaintiffs also seek their reasonable attorneys' fees and costs. Since all of plaintiff's claims to damages are well supported, the court finds as follows:

1. Defendant Allen Max Construction, LLC, has failed to plead or otherwise defend within the meaning of Fed. R. Civ. P. Rule 55(a).

2. Defendant violated the Employee Retirement Income Security Act of 1974, as amended, and the parties' effective collective bargaining agreement by failing to pay fringe benefit contributions on behalf of its employees to the plaintiff fund. Due to this failure, plaintiffs are entitled to damages consisting of contributions, interest, liquidated damages, and attorney's fees and costs.

3. Following entry of default by the clerk, plaintiffs have documented their damages under Fed. R. Civ. P. 55(b)(2), which defendant had failed to dispute after ample notice and opportunities to be heard. (Falkner Decl., Ex. 3 (dkt. #13-3); Ho Decl., Exs. 3, 4 (dkt. ##12-3, 12-4).)

4. Consistent with that proof, the court assesses the total damages as follows:

    a. $4,770.90 in unpaid contributions;[2]

    b. $4,932.45 in interest;

    c. $4,932.45 in liquidated damages (in the form of double interest); and

---

[2] In their brief, plaintiffs explain that the audit report lists a higher rate of $6.15 per hour for certain months, but the auditor erred by increasing the hourly rate from $5.70 to $6.15 too soon, because that increased rate did not kick in until after the audit period. Accordingly, in their brief, plaintiffs seek hourly contributions of $5.70 for the entire audited period. (Pls.' Br. (dkt. #11) 5-6.)

    d. $4,152.00 in reasonable attorney's fees and costs.

## ORDER

IT IS HEREBY ORDERED that:

1) Plaintiffs North Central States Regional Council of Carpenters Pension Fund and Jerry Shea's motion for default judgment (dkt. #10) is GRANTED.

2) Plaintiffs are awarded damages in the amount of $18,787.80.

3) The Clerk of Court is directed to enter judgment in favor of plaintiffs and against defendant Allen Max Construction, LLC in the amount of $18,787.80, and close this case.

Entered this 4th day of May, 2022.

                              BY THE COURT:

                              /s/

                              _____
                              WILLIAM M. CONLEY
                              District Judge